PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. PEDRO MORALES                    Docket Number: 13-cr-00245-WJM-01

### Petition for Modification of Conditions of Supervised Release

COMES NOW, Lisa Pence, probation officer of the Court, presenting an official report upon the conduct and attitude of Pedro Morales who was placed on supervision by the Honorable Robert Holmes Bell sitting in the Court in the Western District of Michigan (Grand Rapids), on the 4th day of April, 2006, who fixed the period of supervision at 5 years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.

3. The defendant shall refrain from all use of alcoholic beverages.

4. The defendant shall not associate with anyone using or possessing controlled substances.

5. The defendant shall perform 300 hours of community service as directed by the probation officer.

6. The defendant shall be employed.

**On June 12, 2013, jurisdiction of the defendant's case was transferred from the Western District of Michigan to the District of Colorado.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER a modification of the defendant's conditions of supervised release to include special conditions requiring that:

7. The defendant shall participate in, and successfully complete, a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

PROB 12
(02/05-D/CO)

8. The defendant shall reside in a residential reentry center (RRC) for a period of 6 months, to commence July 8, 2013, and shall observe the rules of that facility.

9. The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

10. If considered necessary by the probation officer and not medically contraindicated, the defendant shall ingest Antabuse or a comparable substance.

ORDER OF THE COURT

Considered and ordered this 30 day of June, 2013, and ordered filed and made a part of the record in the above case.

_____
William J. Martinez
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/Lisa Pence*
Lisa Pence
U.S. Probation Officer

Place: Denver, Colorado
Date: June 28, 2013

## ATTACHMENT

On January 21, 2011, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. When I assumed supervision of the defendant on February 10, 2012, this process was repeated.

This petition is based on the following facts:

The defendant released to the District of Colorado and has been supervised by my office since January 21, 2011. I have personally supervised him since mid-February of 2012. The defendant completed the 300 hours of community service on March 24, 2012, and his first substance abuse treatment program on December 1, 2011.

To date, he has paid $1,712.86 of his total financial obligations of $3,100. He has generally shown a good faith effort and pays between $50 to $100 a month. Prior to my assuming supervision of the defendant, his only supervision issue was associating with another defendant on supervision with my office on March 23, 2011, and lying to his then supervising officer, U.S. Probation Officer Edgar Ruiz, about the identity of the individual. He was reprimanded by Officer Ruiz.

Since March 2013, the defendant has displayed evidence of mental instability, has been arrested and placed on a 72-hour mental health hold by the Denver Police, has tested positive twice for methamphetamine, has consumed alcohol, has associated with persons involved in the sale of illegal drugs, and has taken medication that was not prescribed to him. The defendant repeatedly expressed the need for additional treatment yet, when this was offered to him by the probation office, he failed to attend group substance abuse treatment on June 10, 2013. He also repeatedly lied to me about his alcohol consumption and use of methamphetamine.

As the Court may recall, the Probation Office sought a warrant on June 12, 2013, because the defendant tested positive for methamphetamine use and was exhibiting symptoms of drug intoxication. He was unable to correctly identify the current month and was distraught. The defendant expressed concerns about his mental and physical health, said he was irrationally jealous with respect to his fiancee, and requested an "intervention" for substance abuse as well as mental health treatment.

On June 28, 2013, the defendant and I executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modifications of the conditions of supervised release. Assistant U.S. Attorney Martha Paluch has been notified and has no objection to the proposed modifications. The Probation Office believes that the proposed modifications will adequately address the defendant's violations of supervision and will serve the interests of the community as well as those of the defendant and his family. Should the Court grant this modification request, the Probation Department intends to request a dismissal of the violation petition and continuation of the defendant on supervised release.