PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. PEDRO MORALES                                    Docket Number: 13-cr-00245-WJM-01

**Petition for Issuance of Warrant Due to Violations of Supervised Release**

COMES NOW, Lisa Pence, probation officer of the Court, presenting an official report upon the conduct and attitude of Pedro Morales who was placed on supervision by the Honorable Robert Holmes Bell, sitting in the Court at Grand Rapids, Michigan, on the 4th day of April, 2006, who fixed the period of supervision at 5 years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.

3. The defendant shall refrain from all use of alcoholic beverages.

4. The defendant shall not associate with anyone using or possessing controlled substances.

5. The defendant shall perform 300 hours of community service as directed by the probation officer.

6. The defendant shall be employed.

**On June 12, 2013, jurisdiction of the defendant's case was transferred from the Western District of Michigan to the District of Colorado.**

**On June 30, 2013, the defendant's supervised release conditions were modified to include the following special conditions:**

7. The defendant shall participate in, and successfully complete, a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

8. The defendant shall reside in a residential reentry center (RRC) for a period of 6 months, to commence July 8, 2013, and shall observe the rules of that facility.

9. The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

10. If considered necessary by the probation officer and not medically contraindicated, the defendant shall ingest Antabuse or a comparable substance.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant due to violations of supervised release and that the petition and warrant be sealed until the defendant's arrest. Subsequent to the arrest of the defendant, it is further recommended that the Court consider revocation of supervised release.

ORDER OF THE COURT

Considered and ordered this 28 day of February, 2014, and ordered filed under seal and made a part of the record in the above case.

William J. Martinez
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Lisa Pence*
Lisa Pence
U.S. Probation Officer

Place: Denver, Colorado
Date: February 28, 2014

## ATTACHMENT

On January 21, 2011, the defendant's term of supervised release commenced. The same day, the conditions of supervised release were read and explained to the defendant and he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. This process was repeated when I assumed supervision of the defendant on February 10, 2012.

The defendant has committed the following violations of supervised release:

**1.      POSSESSION AND USE OF A CONTROLLED SUBSTANCE (Methamphetamine)**

On February 4, 2014, the defendant submitted to random urine testing at Independence House North in Denver, Colorado. His sample was positive for the presence of amphetamines. Further testing revealed the source of the amphetamine was methamphetamine. The defendant was not ingesting any medication that could explain this drug test result. His use of a controlled substance constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On February 10, 2014, I was notified of the defendant's positive urine test for amphetamines. I requested further testing. When I communicated with his therapist on February 12, 2014, she said he was experiencing pain from a stomach ulcer and was considering resuming his use of medication. I left the defendant a voicemail and we spoke on February 13, 2014. When I asked why he was testing positive for drug use, he insisted he had not used any illicit substances and the test result had to be caused by his prescription medication. A subsequent test of his urine identified the source of amphetamine as methamphetamine. When the defendant continued to deny using this drug, I emailed the laboratory director at Alere Toxicology Services, Inc. and asked if it was possible for prescription medication to cause this result. He stated it was and suggested I submit an interpretation request. On February 25, 2014, the Director of Toxicology at Alere, Pat Pizzo, provided me with an interpretation report on the defendant's urine test. She analyzed his urine sample, in conjunction with his documented prescriptions, and determined that "[t]he use of the listed medications alone or in combination" did not cause the methamphetamine in the defendant's test sample. Therefore, the defendant illicitly used methamphetamine.

## 2.     MAKING FALSE STATEMENTS TO THE PROBATION OFFICER:

On February 13, 2014, the defendant made false statements to me regarding why he had tested positive for amphetamines.  This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

Standard Condition No. 3 states: "The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer."  On February 13, 2014, I gave the defendant an opportunity to explain to me why he had tested positive for amphetamines.  He insisted he had not used any illegal drugs and said his ulcer medication must have caused the result.  (I would note that last year the defendant repeatedly lied to me about his methamphetamine use.)  Despite giving him several opportunities to admit to using an illicit drug, the defendant did not waver in his denial.  I explained to him that secondary drug testing is expensive and that this testing could identify the specific source of amphetamines in his system.  I further explained to him that there could be serious consequences if he was lying to me and the test showed conclusively that he had used methamphetamine.  The defendant did not admit to any illegal drug use.  On February 25, 2014, a toxicologist at Alere Toxicology Services definitively ruled out any legal sources for the methamphetamine in the defendant's system.