PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. PEDRO MORALES                    Docket Number: 13-cr-00245-WJM-01

**Petition to Vacate Revocation Proceedings and for
Modification of Conditions of Supervised Release**

COMES NOW, Lisa Pence, probation officer of the Court, presenting an official report upon the conduct and attitude of Pedro Morales who was placed on supervision by the Honorable Robert Holmes Bell sitting in the Court in the Western District of Michigan (Grand Rapids), on the 4th day of April, 2006, who fixed the period of supervision at 5 years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.

3. The defendant shall refrain from all use of alcoholic beverages.

4. The defendant shall not associate with anyone using or possessing controlled substances.

5. The defendant shall perform 300 hours of community service as directed by the probation officer.

6. The defendant shall be employed.

**On June 12, 2013, jurisdiction of the defendant's case was transferred from the Western District of Michigan to the District of Colorado.**

**On June 30, 2013, the defendant's supervised release was modified to include the following additional special conditions:**

7. The defendant shall participate in, and successfully complete, a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

8. The defendant shall reside in a residential reentry center (RRC) for a period of 6 months, to commence July 8, 2013, and shall observe the rules of that facility.

PROB 12
(02/05-D/CO)

9.  The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

10. If considered necessary by the probation officer and not medically contraindicated, the defendant shall ingest Antabuse or a comparable substance.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that defendant's conditions of supervised release be modified to include the following special condition: 11) The defendant shall reside in a residential reentry center (RRC) for a period of 4 months and shall observe the rules of that facility. Additionally, it is requested that the Petition for Issuance of a Warrant due to Violations of Supervised Release [Doc #18], dated February 28, 2014, be quashed and the supervised release violation hearing set for April 24, 2014, be vacated.

ORDER OF THE COURT

Considered and ordered this ___8___ day of April, 2014, and ordered filed and made a part of the record in the above case.

William J. Martinez
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/ Lisa Pence
Lisa Pence
U.S. Probation Officer

Place: Denver, Colorado
Date: April 2, 2014

## ATTACHMENT

On January 21, 2011, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. When I assumed supervision of the defendant on February 10, 2012, this process was repeated.

This petition is based on the following facts:

The defendant has been supervised by our office since his release from BOP custody to supervised release on January 21, 2011. I have personally supervised him since mid-February of 2012. The defendant completed the 300 hours of community service on March 24, 2012, and his first substance abuse treatment program on December 1, 2011.

To date, he has paid $1,762.86 of his total financial obligations of $3,100. Prior to my assuming supervision of the defendant, his only supervision issue was associating with another defendant on supervision with my office on March 23, 2011, and lying to his then supervising officer, U.S. Probation Officer Edgar Ruiz, about the identity of the individual. He was reprimanded by Officer Ruiz.

On June 11, 2013, the defendant reported to the Probation Office. At that time, he was unable to correctly identify the current month and appeared to be distraught. He expressed concerns about his mental and physical health, said he was irrationally jealous with respect to his fiancee, and requested an "intervention" for substance abuse as well as mental health treatment.

The defendant had been acting erratically since March 2013. He had been arrested and placed on a 72-hour mental health hold by the Denver Police, had tested positive twice for methamphetamine, had consumed alcohol, had associated with persons involved in the sale of illegal drugs, and had taken medication that was not prescribed to him. The defendant repeatedly expressed the need for additional treatment yet, when this was offered to him by the Probation Office, he failed to attend his substance abuse treatment group on June 10, 2013. He also repeatedly lied to me about his alcohol consumption and use of methamphetamine. On June 12, 2013, the Probation Office sought a supervised release violation warrant because the defendant tested positive for methamphetamine use and was exhibiting symptoms of drug intoxication.

On June 30, 2013, the defendant's conditions of supervised release were modified to require the defendant to participate in mental health treatment, remain medication compliant, consume Antabuse or another effective medication to deter the use of alcohol (if deemed necessary), and be placed in a residential reentry center for six months. On July 8, 2013, the petition for warrant was dismissed.

On January 6, 2014, the defendant was released from residential reentry center placement.

On February 4, 2014, he submitted to a urine test that was positive for the presence of amphetamines. Additional testing identified the source of the amphetamine as methamphetamine. The defendant denied using methamphetamine, failed to submit to random urine testing on February 26, 2014, and failed to return my messages or report to my office as instructed. A supervised release violation warrant was issued on February 28, 2014, and the defendant was arrested by the U.S. Marshals on March 1, 2014. At the detention hearing on March 6, 2014, Magistrate Judge Kathleen Tafoya determined that bond conditions existed that could ensure both the safety of the community and the defendant's appearance at further proceedings. She released the defendant on bond pending his supervised release revocation hearing with the requirement that he reside at a residential reentry center. Judge Tafoya commented on the fact that the defendant was compliant on supervision when he previously resided at a residential reentry center.

Following the detention hearing, I consulted with both parties. Given Judge Tafoya's comments, we felt that the defendant should be given one more opportunity to reside in a residential reentry center versus proceeding to a violation hearing. However, the defendant has been made fully aware that this is the last time the Probation Office will be seeking a modification for residential reentry center placement. He has been given a second and now third chance and there will not be any further leniency on the part of the Probation Office.

The defendant and I executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modifications of the conditions of supervised release. Assistant U.S. Attorney Martha Paluch has been notified and has no objection to the proposed modification. The Probation Office believes that the proposed modification will adequately address the defendant's violations of supervision and will serve the interests of the community as well as those of the defendant and his family.