PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. PEDRO MORALES                                      Docket Number: 13-cr-00245-WJM-01

**Petition for Issuance of Warrant Due to Violations of Supervised Release**

COMES NOW, Anna Lokshina, probation officer of the Court, presenting an official report upon the conduct and attitude of Pedro Morales who was placed on supervision by the Honorable Robert Holmes Bell, sitting in the Court at Grand Rapids, Michigan, on the 4th day of April, 2006, who fixed the period of supervision at 5 years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.

3. The defendant shall refrain from all use of alcoholic beverages.

4. The defendant shall not associate with anyone using or possessing controlled substances.

5. The defendant shall perform 300 hours of community service as directed by the probation officer.

6. The defendant shall be employed.

**On June 11, 2013, jurisdiction of the defendant's case was transferred from the Western District of Michigan to the District of Colorado.**

**On June 30, 2013, the defendant's supervised release conditions were modified to include the following special conditions:**

7. The defendant shall participate in, and successfully complete, a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

8. The defendant shall reside in a residential reentry center (RRC) for a period of 6 months, to commence July 8, 2013, and shall observe the rules of that facility.

9. The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

10. If considered necessary by the probation officer and not medically contraindicated, the defendant shall ingest Antabuse or a comparable substance.

**On April 8, 2014, the defendant's supervised release conditions were modified to include the following special conditions:**

11. The defendant shall reside in a residential reentry center (RRC) for a period of 4 months and shall observe the rules of that facility.

On April 8, 2014, the warrant due to violations of supervised release issued on February 28, 2014, was quashed and the supervision violation hearing set for April 24, 2014, was vacated.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant due to violations of supervised release and that the petition and warrant be sealed until the defendant's arrest. Subsequent to the arrest of the defendant, it is further recommended that the Court consider revocation of supervised release.

ORDER OF THE COURT

Considered and ordered this _____ day of September, 2014, and ordered filed under seal and made a part of the record in the above case.

William J. Martinez
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/ Anna Lokshina
Anna Lokshina
U.S. Probation Officer

Place: Denver, Colorado
Date: September 23, 2014

## ATTACHMENT

On January 21, 2011, the conditions of supervised release were read and explained to the defendant and he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. This process was repeated on February 10, 2012, and on August 13, 2014, by USPO Pence and USPO Lokshina, respectively. The term of supervised release commenced on January 21, 2011.

The defendant has committed the following violations of supervised release:

**1.     POSSESSION AND USE OF A CONTROLLED SUBSTANCE (Methamphetamine):**

On or about September 5, 2014, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On February 10, 2014, Officer Pence was notified of the defendant's positive urine test for amphetamine. Officer Pence requested further testing. When Officer Pence communicated with his therapist on February 12, 2014, she said he was experiencing pain from a stomach ulcer and was considering resuming his use of medication. Officer Pence left the defendant a voicemail and spoke with him on February 13, 2014. When Officer Pence asked why he was testing positive for drug use, he insisted he had not used any illicit substances and the test result had to be caused by his prescription medication. A subsequent test of his urine identified the source of amphetamine as methamphetamine. When the defendant continued to deny using this drug, Officer Pence emailed the laboratory director at Alere Toxicology Services, Inc. and asked if it was possible for prescription medication to cause this result. He stated it was and suggested she submit an interpretation request. On February 25, 2014, the Director of Toxicology at Alere, Pat Pizzo, provided Officer Pence with an interpretation report on the defendant's urine test. She analyzed his urine sample, in conjunction with his documented prescriptions, and determined that "[t]he use of the listed medications alone or in combination" did not cause the methamphetamine in the defendant's test sample. Therefore, the defendant illicitly used methamphetamine.

On August 29, 2014, the defendant submitted a copy for a prescription for the medication Ranitidine which was written for him at Denver Health on January 21, 2014, for a total of 60 pills with no refills. The defendant provided this to me stating that in the past, he has tested positive for methamphetamine and is convinced that it is due to his prescription. However, the prescription does not appear to be current as it was written on January 21, 2014.

On or about September 5, 2014, the defendant submitted a urine sample which tested positive for amphetamine. On September 22, 2014, a confirmation test was received from Alere Toxicology Services Inc. indicating that the urine was positive for methamphetamine. On September 17, 2014, I addressed the positive urine sample with the defendant. The defendant denied use of any illicit substances and stated that the positive result was caused by his prescription medication. On September 22, 2014, a confirmation test was received from Alere Toxicology Services indicating that the urine specimen was positive for methamphetamine.

2.  **MAKING FALSE STATEMENTS TO THE PROBATION OFFICER:**

On or about September 17, 2014, the defendant stated, in response to a question from the probation officer, that he had not used any illegal drugs when, in fact, he used methamphetamine which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 17, 2014, I gave the defendant an opportunity to explain to me why he had tested positive for amphetamine. He insisted he had not used any illegal drugs and said his ulcer medication must have caused the result. Despite giving him several opportunities to admit to his use of methamphetamine, the defendant adamantly denied use. I explained to him that secondary drug testing would be conducted and that this testing would identify the specific source of amphetamine in his system. I further explained to him the consequences of providing false statements to the probation officer. The defendant did not admit to any illegal drug use. On September 22, 2014, a confirmation test was received from Alere Toxicology Services indicating that the urine specimen was positive for methamphetamine.

3.  **MAKING FALSE STATEMENTS TO THE PROBATION OFFICER:**

On or about September 17, 2014, the defendant stated, in response to a question from the probation officer, that he had missed work due to medical issues when, in fact, he missed work for other reasons which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 17, 2014, the defendant made false statements to me regarding missing work the week of September 8, 2014. He indicated that he missed two days of work in the last week due to his medical issues and that his employer was aware of this. I spoke with his employer, Mike Guisinger, on September 19, 2014, and he related that the defendant missed several days of work that week due to issues with his living situation.

4.  **FAILURE TO PARTICIPATE IN MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION OFFICER:**

On September 22, 2014, the defendant was unsuccessfully discharged from dual diagnosis treatment at Independence House North. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 14, 2014, the defendant signed a treatment contract with Independence House North due to non compliance with group attendance, positive urine samples, and not participating in treatment. On August 13, 2014, the defendant was given an opportunity to comply with treatment and signed a second treatment contract. On September 22, 2014, the defendant was unsuccessfully terminated from treatment at Independence House North due to continued use of illicit drugs.