IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  13-cr-00245-WJM

UNITED STATES OF AMERICA

      Plaintiff,

v.

PEDRO MORALES

      Defendant.

## ORDER OF DETENTION

      THIS MATTER came before the Court for a detention hearing on October 7, 2014. Present were the following: Martha Paluch, Assistant United States Attorney, Warren Williamson, counsel for the defendant, and the defendant. The Court carefully considered the entire court file and the comments of counsel.

      The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

      IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 8th day of October, 2014.

By the Court:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

United States v.  Pedro Morales
Case Number 13-cr-00245-WJM

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

This matter comes before the court on a Petition for Issuance of Warrant Due to Violations of Supervised Release, and a Supplemental Petition for Issuance of Warrant Due to Violation of Supervised Release.  The Petition and Supplemental Petition allege that on April 4, 2006, the defendant was placed on supervision by the Honorable Robert Holmes Bell, sitting in the District of Michigan, with standard conditions and the special condition that the defendant participate in a program of testing and treatment for drug abuse, and that the defendant abstain from the use of all alcoholic beverages.  In addition, the defendant was prohibited from associating with anyone using or possessing controlled substances and required to perform 300 hours of community service.  Finally, the defendant was required to be employed.

Jurisdiction over this matter was transferred to the District of Colorado on June 11, 2013.

On June 30, 2013, the defendant's conditions of supervised release were modified to include the requirement that he participate in and successfully complete a program of mental health treatment, that he remain medication compliant, and that he reside in a residential reentry facility for a period of 6 months.  The defendant was further required to comply with all rules of that facility.  The defendant's conditions of supervision were further modified on April 8, 2014 to include the requirement that he reside in a residential reentry facility for a period of 4 months and comply with all the rules of that facility.

During a hearing on October 7, 2014, the court heard evidence presented by the government on the issue of probable cause.  Based on the facts alleged in the Petition and Supplemental Petition, as well as the evidence presented by the parties during the  October 7 hearing, this court found probable cause to believe the defendant violated one or more conditions of his release. In making this finding, I am not discounting the arguments of defense counsel or his proffer of scientific studies suggesting that the medication Ranitidine can cause false positive test results for methamphetamine.  That proffer, however, is not sufficient to defeat the government's minimal burden at this stage of the proceedings.

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]."

In making my findings of fact, I have taken judicial notice of the information set forth in the Petition and the entire court file, and the evidence presented by the parties.  Weighing all of the information presently before the court, I find that defendant has failed to sustain his burden "of establishing by clear and convincing evidence that [he] will not flee."  I specifically note that the Petition indicates the defendant possessed and used an illegal controlled substance

(methamphetamine) on September 5, 2014.  It is further alleged that the defendant made false statements to his supervising officer on September 17, 2014 regarding his use of illegal substances.  The Supplemental Petition alleges that on September 24, 2014 the defendant used or administered cocaine, and that the defendant has failed to pay required fines.  Finally, the defendant was unsuccessfully discharged from his dual diagnosis treatment program on September 22, 2014 based upon his continued use of illicit drugs.  Given the defendant's apparent failure to comply with the conditions of supervised release imposed by the district court, I find there is no combination of conditions that I could set that would properly assure the defendant's appearance at further proceedings in this case.