IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00245-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PEDRO MORALES,

    Defendant.

_____

**DEFENDANT'S REVOCATION MEMORANDUM**
_____

The defendant, Pedro Morales, files this memorandum in connection with his upcoming supervised release violation hearing. The hearing is scheduled for November 21, 2014 at 10:30 a.m.

**Mr. Morales' position on the alleged violations**

Mr. Morales will admit the violations alleged in the petitions. Doc. 33, 40.[1] In summary, these are:

1. That he used methamphetamine on or about September 5, 2014.[2]

---

[1] "Doc." refers to the clerk's docket.

[2] The first allegation in the petition cites certain "facts" in support of the positive drug test on September 5, 2014, some of which – those listed in the first paragraph – have nothing to do with the drug test on September 5, 2014. The first paragraph talks about a positive drug test in February of 2014. The petition containing that allegation (Doc. 18) was not pursued and no admission was entered. Instead, there was a modification to the halfway house for four months. Doc. 32.

1

2. That he did not admit to this use.

3. That he said he missed work because he was sick when he really missed work due to family issues.

4. That he was terminated from treatment at Independence House because of using methamphetamine on or about September 5, 2014.[3] (See allegations 1 and 2 above).

5. That he used cocaine on or about September 24, 2015.

6. That he hasn't finished paying the fine levied by the sentencing judge in Michigan in 2006.[4]

**Mr. Morales' position on sentencing**

The advisory, or double advisory, Guidelines imprisonment range for the alleged violations (all Grade C) is 5 to 11 months. The Court has other options besides imprisoning Mr. Morales – again as advised in Chapter 7 of the Guidelines. Generally these include terminating supervision, continuing supervision with or without modified conditions, or imprisoning Mr. Morales for less time than suggested by the Guidelines with or without supervision to follow.

Mr. Morales disagrees with the recommendation of the probation officer: That he be put in prison for 10 months – just one month shy of the maximum advisory term, followed by three years of supervision.

---

[3] Described in the petition as "continued use of illicit drugs." Doc. 33, p.2, item #4.

[4] Mr. Morales has, over the course of supervision, nearly 4 of the 5 years imposed, paid $2,012.86 toward the $3,000.00 fine. He also paid his special assessment. Doc. 44. p. 10.

2

As the Violation Report indicates, the probation officer recommends the supervision period be conditioned on Mr. Morales "complete a residential treatment program for co-occurring disorders as deemed appropriate by the probation officer." Both in terms of the allegations (excepting the unpaid fine balance), and certain observations in the Report, having Mr. Morales participate in a more structured program focuses on the core issue that brings him before the Court: addiction.[5]

Mr. Morales is open to the idea of participating in residential treatment as recommended by the probation officer. That said, it makes little sense to imprison him for nearly the maximum recommended term, <u>then</u> have him start some form of residential treatment. Not only does this delay Mr. Morales' return to the community – where he can work to support his wife and children – it delays the beginnings of any such treatment.

It is important, too, in analyzing what sentence is most appropriate for the violations alleged to bear in mind that while on supervision Mr. Morales successfully completed three separate terms of placement in a halfway house. The first followed his release from prison. The second and third were based on modifications to which Mr. Morales consented: one from July 2013 to January 2014; the other from April 2014 to August 2014.  Doc. 44, R-2. As the probation officer observed, "The defendant appears to do well in [these] structured settings." *Id.*

---

[5] See Doc. 44, Violation Report: "The 34 year old defendant is before the Court after being either unwilling or unable to control his use of illicit drugs..." P. R-2. "On March 1, 2013, the defendant . . . was diagnosed with methamphetamine intoxication." He was placed on psychiatric hold. P. 6

3

The instant petition alleges two "hot" tests. Both in September. Both after Mr. Morales was released from the halfway house. Before that, the last positive test counsel can identify from the records available to him was in February of 2014. *See* Doc.44, p. 7; Doc. 18. That test was the subject of an earlier petition that did not proceed to hearing. Doc. 32. *See* n. 1, supra.

Considering these facts in the light most unflattering to Mr. Morales, this is three positive tests for drug use in the span of seven months. A span that included four months in the halfway house and employment. Doc. 44, pp. 8, R-2. This for a man whose use of hard drugs goes back least 16 years, to age 18. Doc. 17, presentence report, ¶ 63.

Mr. Morales will have been in jail on the instant petition for about seven weeks by the time of his revocation hearing. This is his first violation hearing – again, the two previous petitions (also for drug use) were dealt with through modifications. If we were in a "drug court" he would probably have been imprisoned for at most a few days before being returned to treatment, perhaps with added conditions, an approach that follows the principle of graduated sanctions for lapses  – of imposing "less punitive responses . . . for less serious non compliance." *See* attachment A, NIDA Principles for Drug Abuse Treatment for Criminal Justice Populations, p. 21.

### **Specific request**

Mr. Morales asks the Court – on finding he has violated supervised release – to sentence him to time served and return him to supervision. He asks that the supervision include up to six months in a halfway house, as well as the other conditions already in existence, including drug/mental health treatment. If arrangements can be finalized for

Mr. Morales to enter a residential treatment program, the halfway house placement can be terminated to allow him to do so.[6]

This approach recognizes that "[b]ecause addiction is a chronic disease, drug relapse and return to treatment are common features of an individual's path to recovery." *See* attachment A, NIDA Principles for Drug Abuse Treatment for Criminal Justice Populations, FAQ # 8. It also balances the concerns outlined in 18 U.S.C. § 3583(e). More importantly, it addresses in a reasoned way the core issues that bring Mr. Morales to court.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Warren R. Williamson
Warren R. Williamson
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Rick_williamson@fd.org
Attorney for Defendant

---

[6] Counsel has spoken with the probation officer about the Circle Program, which operates under the auspices of the Colorado Department of Human Services. Another possibility is the STIRRT (Short Term Residential Remediation Treatment) Program, run by Arapahoe House. *See* attachment B. Recently, a federal "probationer" with long term methamphetamine addiction issues was allowed to continue in STIRRT following revocation proceedings.

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martha Paluch, Assistant U.S. Attorney
Email:  Martha.paluch@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Anna Lokshina, U.S. Probation Officer
Email: anna.lokshina@cod.uscourts.gov

Mr. Pedro Morales
*(via U.S. Mail)*


                                                                s/ Warren R. Williamson
Warren R. Williamson
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Rick_williamson@fd.org
Attorney for Defendant