IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 13-cr-00245-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PEDRO MORALES,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
REVOCATION MEMORANDUM (Doc. 45)**

---

The United States of America, by and through Martha A. Paluch, Assistant United States Attorney, hereby responds to Defendant's Revocation Memorandum (Doc. 45) as follows:

The supervised release revocation hearing in this matter is scheduled for November 21, 2014, at 2:30 pm.

In his Memorandum, defendant states that he will admit the violations alleged in the petitions. Doc. 45 at 1. Therefore, at issue is the appropriate sentence in this case.

The advisory guidelines range is 5 to 11 months and the Probation Office is recommending a sentence of 10 months' imprisonment followed by a residential substance abuse treatment program and three years of supervised release. Doc. 44 at R-1 to R-2. This recommendation is based in part upon defendant "being either unwilling or unable to control his use of illicit drugs despite Court interventions and treatment opportunities." Doc. 44, R-2. Arrest warrants were issued in June of 2013 and February of 2014 based upon defendant's substance abuse. Both times, the Court

agreed to modify defendant's term of supervised release, rather than revoke and imprison him, in order to address defendant's substance abuse issues through counseling and placement in residential reentry centers.  Rather than taking advantage of these lenient outcomes and additional opportunities to comply, the defendant yet again finds himself before the Court. The Probation Office has detailed the issues defendant has had with complying with the terms of his supervised release, and the treatment afforded to him, on Page 9 of the Supervised Release Violation Report, under the heading Correctional Treatment.  Doc. 44 at 9.

On November 17, 2014, the defendant, his counsel Mr. Williamson, and the Probation Officer met with a representative of the Circle Program in order to complete an application for acceptance into that program, an intensive 90-day treatment program designed to address mental illness, chemical dependence, personality disorders, and criminal behavior.  *See* Attachment (describing this program). The Probation Office should receive notification within the next two weeks as to whether the defendant has been accepted into this program.  Currently, there is a wait list of 8 to 10 months for admission into the program.

The government agrees with the Probation Office that a custodial sentence of 10 months, followed by 90 days of treatment in the Circle Program, and an additional term of supervised release will address the need for appropriate punishment for defendant's numerous violations of his supervised release, and provide deterrence for future violations.  An intensive residential treatment program and additional period of supervised release will provide the defendant with the necessary treatment for his substance abuse issues, needed structure to reintegrate the defendant into society, and

2

will allow the Probation Office to monitor defendant's behavior and provide needed treatment services.  As defense counsel points out in his Memorandum, defendant is a "man whose use of hard drugs goes back at least 16 years, to age 18."  Doc. 45 at 4 (citing Doc. 17, presentence report, ¶ 63).  The sentence proposed by the Probation Office will hold the defendant accountable for his actions, and provide him with the best chance to finally beat his addiction.[1]  It will also be sufficient, but not greater than necessary, to serve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Defendant takes issue with this recommendation, arguing that a custodial sentence is not appropriate, and instead, submits that the defendant should be placed in a halfway house for up to six months and then placed in a residential treatment program.  Doc. 45 at 4-5.  This approach, defendant argues, "addresses in a reasoned way the core issues that bring Mr. Morales to court."  *Id.* at 5.

Defendant's recommended sentence addresses his need for substance abuse treatment, but not the need for punishment for his repeated violations of supervised release.  Both must be addressed.

Defendant also points out that he has successfully completed three separate terms of placement in a halfway house, and submits that this fact should therefore support his request for a fourth placement.  Doc. 45 at 3.  Instead, the government argues that the fact defendant has received three prior placements in a halfway house supports the Probation Office and government's argument that a custodial sentence is warranted at this time.  Repeated efforts to provide defendant with more lenient options

---

[1] The government does not believe placement in the STIRRT Program, referenced at Page 5, footnote 6 of Defendant's Revocation Memorandum, is a viable option.  The Probation Office advises that this is a two-week program.  Defendant's history indicates that such a short treatment program would not be effective in treating defendant's extensive substance abuse issues.

3

have not brought about the desired result of compliance.

The government agrees with the Probation Office's recommended sentence, with the following qualifications:  the government believes a 10-month custodial sentence should be imposed, but if an opening becomes available in the Circle Program prior to the completion of that sentence, the defendant's sentence be modified to allow him to enter the Program at that time.

Second, given the amount of resources that have already been afforded to this defendant, the government does not believe an additional three years of supervised release is warranted.  The government commends the Probation Office's desire to continue providing services to this defendant after service of a custodial sentence and intensive residential treatment program, if so ordered by the Court.  However, this defendant was originally sentenced in April of 2006 in the Western District of Michigan for a drug offense.  Given this defendant's lengthy history on supervision, the government submits a one-year term of supervised release is more appropriate to ensure defendant's treatment was effective, and his successful reintegration into society, but is not so extensive it further exhausts the limited resources of the Probation Office and this Court.

5

For these reasons, the government will argue at sentencing that the Court impose a 10-month custodial sentence, to be modified if placement in the Circle Program becomes available prior to completion of the 10-month sentence, with such sentence to be followed by placement in the 90-day Circle Program, and one year of supervised release.

Respectfully submitted,

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

5

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Warren R. Williamson
Attorney for Defendant
Office of the Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
(303) 294-7002
Rick Williamson@fd.org.

Anna Lokshina
U.S. Probation Officer
1929 Stout Street, Suite C-120
Denver, CO  80294
(303) 335-2499
anna_lokshina@cod.uscourts.gov

*s/ Dee Boucher*_____
United States Attorney's Office

6