# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For **Revocation of Supervised Release**) |
| v. | Case Number: 13-cr-00245-WJM-01 |
| | USM Number: 12497-040 |
| PEDRO MORALES | Warren Williamson, AFPD |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 through 6, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Possession and Use of a Controlled Substance | 09/05/14 |
| 2 | Making False Statements to the Probation Officer | 09/17/14 |

The defendant is sentenced as provided in pages 3 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

November 21, 2014
Date of Imposition of Judgment

_Signature of Judge_

William J. Martinez, U.S. District Judge
Name & Title of Judge

Date

DEFENDANT: PEDRO MORALES  
CASE NUMBER: 13-cr-00245-WJM-01　　　　　　　　　　　　　　　　　Judgment-Page 2 of 6

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Making False Statements to the Probation Officer | 09/17/14 |
| 4 | Failure to Participate in Mental Health Treatment as Directed by the Probation Officer | 09/22/14 |
| 5 | Possession and Use of a Controlled Substance | 09/24/14 |
| 6 | Failure to Pay Fine as Directed | 09/30/14 |

DEFENDANT: PEDRO MORALES
CASE NUMBER: 13-cr-00245-WJM-01

Judgment-Page 3 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of five (5) months, with full credit for time served in pre-hearing detention.

The court recommends that the Bureau of Prisons designate a facility suitable for the defendant's classification in Colorado.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  PEDRO MORALES
CASE NUMBER:  13-cr-00245-WJM-01                                                            Judgment-Page 4 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of eighteen (18) months, less the five-month period of imprisonment imposed.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3) The defendant shall reside in a residential reentry center (RRC) for a period of up to six (6) months, to commence upon release from imprisonment, and shall observe the rules of that facility. If placement in a residential treatment program occurs during RRC placement, he shall be released to commence participation in that program.

4) The defendant shall successfully complete a residential treatment program as deemed appropriate by the probation officer. If defendant is accepted into the Circle Residential Treatment Program, when an opening becomes available, he shall complete a 90-day placement in that program and he shall comply with all of the rules of that program. If that opening in the Circle Residential Treatment Program occurs during the six-month period that he is ordered to be placed at the residential re-entry center (RRC), he shall be released early from the RRC in order to participate in the Circle Residential Treatment Program. If the defendant is not accepted into the Circle Residential Treatment Program, he shall be placed into an alternative suitable program approved by the probation officer.

DEFENDANT:  PEDRO MORALES
CASE NUMBER:  13-cr-00245-WJM-01                                                                 Judgment-Page 6 of 6

5) The defendant shall remain medication compliant and shall take all medications that are prescribed by his/her treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his/her prescribed medications is maintained.

6) The defendant and his counsel will be advised by the probation office of alternative residential treatment programs in the event placement in the Circle Residential Treatment Program is not viable.