**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 13-cr-00245-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PEDRO MORALES,

      Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF SUPERVISION (Doc. 52)**

---

The United States of America, by and through Martha A. Paluch, Assistant United States Attorney, hereby responds to Defendant's Motion to Modify Conditions of Supervision (Doc. 52) as follows:

1.     At the supervised release revocation hearing on November 21, 2014, the Court sentenced Defendant Pedro Morales to five months in prison, followed by 18 months of supervised release (less the five-month term of imprisonment), with a number of special conditions, to include the following:  that the defendant "successfully complete a residential treatment program as deemed appropriate by the probation officer.  If defendant is accepted into the Circle Residential Treatment Program, when an opening becomes available, he shall complete a 90-day placement in that Program and he shall comply with all of the rules of that Program.  If that opening in the Circle Residential Treatment Program occurs during the six-month period that he is ordered to be placed

at the Residential Re-entry Center (RRC), he shall be released early from the RRC in order to participate in the Circle Residential Treatment Program." Doc. 50 at 3, condition 2.

2.     That is what has occurred here. Defendant was released from custody on January 27, 2015. His six-month RRC placement is up July 22, 2015. Defendant was accepted into the Circle Program and a bed became available on June 3, 2015, however, due to insufficient notice from the program director, placement at that time did not occur. It is expected a space will next become available at the end of June, or early July.

3.     Defendant now requests that the Court alter the sentence imposed to allow him to remain at the RRC for an additional 90 days rather than enter the Circle Program as ordered. Defendant asserts he is doing well at the RRC, will lose his job if he attends the Circle Program, and "is regularly participating in therapy at Independence House North and in drug classes at Independence House South Federal." Doc. 52.

4.     The defendant's history demonstrates that he does well while residing at the RRC, only to reoffend soon after his release. The defendant's current RRC placement is his fourth. The reason behind placement into the Circle Program was to break the defendant's cycle of substance abuse after release from the RRC and provide him with the intense therapy he needs, as thoroughly discussed in the defendant's hour-long revocation hearing on November 21, 2014. The RRC is not intended for long-term placement. Instead, it is necessary to make these beds available for other offenders

once a defendant's period of placement comes to an end, as is the case here.

5.      Defendant currently is receiving individual treatment at Independence House North only three times a month and does not receive any treatment at Independence House South Federal (the RRC).  The therapy the defendant has received in the past has not provided him with the necessary life skills to enable him to be successful once released from the RRC.  The hope is that the Circle Program will change this through intense mental health and substance abuse counseling; treatment defendant cannot receive in the RRC setting.

6.      Defendant reportedly told his probation officer that he would not lose his job as a result of placement in the Circle Program.  As to defendant's claim of finally having the money to move his family, the probation office reports that defendant's wife receives TANF payments of $700 per month which amount, along with defendant's income, has allowed the family to secure housing.

7.      The issue of defendant's placement in the Circle Program was thoroughly discussed at defendant's November 21, 2014 revocation hearing.  The Court determined that the sentence set forth above was the appropriate sentence in light of defendant's history and all of the circumstances of this case.  The fact that the defendant is more comfortable in the RRC setting is not reason enough for the Court to allow the defendant to give up his chance at more intense, and much needed treatment. Rather than giving up on this defendant, the Court, Probation, and the government are trying to provide him with the tools for long-term success rather than continuing on this road of temporary success at RRC only to be followed by yet another violation.

3

8.      In sum, the defendant's motion does not warrant a modification to the

sentence originally imposed.

Respectfully submitted,

_s/ Martha A. Paluch_
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Warren R. Williamson
Attorney for Defendant
Office of the Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
(303) 294-7002
Rick.Williamson@fd.org.

Anna Lokshina
U.S. Probation Officer
1929 Stout Street, Suite C-120
Denver, CO  80294
(303) 335-2499
anna_lokshina@cod.uscourts.gov

*s/ Dee Boucher*_____
United States Attorney's Office