IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 13-cr-00245-WJM-01

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

PEDRO MORALES,

        Defendant.

## ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISION

Before the court is Defendant's Motion to Modify Conditions of Supervision. (ECF No. 52.)  Whether to modify conditions of supervision is a matter committed to this Court's discretion.  *United States v. Pugliese*, 960 F.2d 913, 915 (10th Cir.1992). For the reasons explained below, the motion is denied.

On November 21, 2014, this Court revoked Defendant's supervised release based, in part, on Defendant's possession of controlled substances while on supervised release. (See ECF No. 51.)  At the revocation hearing, there was substantial discussion about Defendant's prior supervised release behavior, and specifically that Defendant would generally behave well when housed at a Residential Reentry Center (RRC), but would then return to possession and abuse of controlled substances after leaving the RRC. (ECF No. 54 ¶¶ 4, 7.)  Defendant's probation officer therefore strongly recommended that Defendant be placed in the Circle Program, a ninety-day inpatient substance abuse recovery program in Colorado Springs.  The Court ordered Defendant to successfully

complete the Circle Program after his time in the RRC.  (ECF No. 51 at 5.)

An opening for Defendant in the Circle Program is expected at the end of this month or early next month.  (ECF No. 54 ¶ 2.)  Defendant, however, claims that he now has a job (including having joined the union there) and earns enough money to support his wife and children.  (ECF No. 52 at 2.)  Defendant fears that he will lose his job if he must go to the Circle Program for ninety days.  (*Id.*)  Defendant therefore requests that he be allowed instead to continue his tenure in the RRC, attending the therapy sessions available there.  (*Id.*)

Although the Court commends Defendant for finding employment, the Court is persuaded that the present situation mirrors previous situations in which Defendant has behaved well in the RRC, and in each of those situations, Defendant has re-offended after leaving the RRC.  According to the Government, the therapy Defendant received in the RRC occurs "only three times a month," which does not seem sufficient to break the cycle Defendant has displayed previously.  (ECF No. 54 ¶ 5.)

The Court encourages Defendant to speak with his employer and his union leaders regarding his upcoming absence, and to otherwise prepare for a ninety-day stay in the Circle Program.  Nonetheless, Defendant's Motion to Modify Conditions of Supervision (ECF No. 52) is DENIED.

Dated this 11th day of June, 2015.

BY THE COURT:

William J. Martinez
United States District Judge